UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Case No.: 1:10cv-92-R

TYLER WOOD,

    Plaintiff,

-vs-

DUNN SURVEYING, INC.,
a Foreign Corporation,
and DAVID DUNN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, TYLER WOOD ("WOOD" or "Plaintiff"), by and through his undersigned attorneys, files this, his Complaint against Defendants DUNN SURVEYING, INC. and DAVID DUNN.

## INTRODUCTION

1.    Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter ("the Act" or "FLSA"), to recover unpaid back wages (overtime compensation); and an additional amount as liquidated damages, reasonable attorneys' fees and costs; and Plaintiff is seeking all allowable damages for Retaliatory Firing.

## JURISDICTION

2.    Jurisdiction of this action is conferred upon the court by § 16(b) of the Act (29 U.S.C. §216 (b)).

3.    Plaintiff is a resident of Logan County, within the Western District of Kentucky. Moreover, the events giving rise to this Complaint greatly affected Plaintiff in Logan County,

Kentucky.

**PARTIES**

4. At all times material, Plaintiff was and continues to be an individual who resides in Logan County, Kentucky.

5. At all times material, Plaintiff was an hourly paid Crew Chief for Defendants. DUNN SURVEYING, INC. is a Foreign corporation incorporated in Mississippi. DAVID DUNN is the sole president and owner and the sole listed Registered Agent.

6. Defendant, DUNN SURVEYING, INC., is a Foreign corporation that paid Plaintiff monies for the work performed (less the monies owed for overtime) which Plaintiff would deposit in his Logan County bank, and thus DUNN SURVEYING, INC., is therefore within the jurisdiction of this Court. Towards the end of Plaintiff's employment, Defendants would directly deposit his paycheck in his BB&T checking account in Logan County, Kentucky. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff for the relevant time period. The individual Defendant, DAVID DUNN, is/was a corporate officer or owner or manager of the Defendant Corporation who ran the day-to-day operations for the Corporate Defendant for the relevant time period and is/was responsible for paying Plaintiff's wages for the relevant time period.

7. DUNN SURVEYING, INC. did and continues to do substantial business and engage in commerce or the production of goods for commerce within the meaning of the Act.

8. At all times material, part of Defendants' wrongful acts and/or omissions occurred in Corsicana, Texas, and part in Searcy, Arkansas and part of Defendant's wrongful acts and/or omissions occurred within Logan County, Kentucky.

9. Plaintiff WOOD has retained the Law Offices of Andrew S. Alitowski, to represent his interest in this litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**FAILURE TO PAY OVERTIME**

10. Plaintiff realleges paragraphs 1 through 9 as if fully set forth herein.

11. During the period from June 2008 through May 10, 2010, Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which he was employed. Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

12. At all material times relevant to this action, Defendant, DUNN SURVEYING, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. Section 203(r) and 203(s).

13. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages (overtime). WOOD throughout his employment was a non-exempt worker (per the ACT) and thus entitled to overtime.

14. Defendants willfully violated the Act and Defendants must pay Plaintiff overtime at a rate equal to one and one-half times an employee's regular hourly rate for all hours over 40 hours worked in a work week. We are seeking 3 years worth of violations by Defendants if Defendants acts are found to be willful.

15. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. Sections 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, for all hours worked in excess of forty (40) within a

work week. Specifically, despite numerous inquiries by Plaintiff to Defendant DAVID DUNN that he worked more than 40 hours per work week, Defendants knowingly never paid Plaintiff the overtime requested or required by law.

16. When Plaintiff complained regarding same, DAVID DUNN did not comply. Plaintiff was not allowed to put in for overtime.

17. The records, if any, concerning the number of hours actually worked by the Plaintiff and compensation actually paid to Plaintiff are in the possession and custody of the Defendants.

18. Payroll documents prepared by the Defendants, often times, inaccurately reflect 40 hours per week, although the average hours per week worked by Plaintiff exceeded 40 hours per week.

19. Upon information and belief, other employees and former employees of the Defendants are similarly situated.

## COUNT II
## RETALIATION AND DISCHARGE UNDER 29 U.S.C. 215 (A)(3)

20. Plaintiff realleges paragraphs 1 through 9 as if fully set forth herein.

21. On or about April 6, 2010, Plaintiff complained to the U.S. Department of Labor that the Defendants were not paying overtime wages to Plaintiff (and other employees) and filed a formal complaint. Plaintiff was told by a DOL investigator that Defendants were in violation of Federal wage and hour laws. Defendants found out about this complaint and on or about May 3, 2010 DAVID DUNN confronted Plaintiff and a co-worker about Plaintiff filing with U.S. Department of Labor. DAVID DUNN made it clear that Plaintiff's employment with Defendants would be terminated in the next 3 weeks. When Plaintiff responded to DAVID DUNN that he felt this was unfair, DAVID DUNN stated, "This is my company, I'll do what I want. I don't give a F-ck about you or anybody else out here. I don't need people like you working for me."

22.     On or about May 9, 2010, Plaintiff and a co-worker were invited by DAVID DUNN to another co-worker's residence for a company crawfish boil.  When Plaintiff arrived there, DAVID DUNN was extremely intoxicated and attacked Plaintiff and his co-worker.  Plaintiff and his co-worker went back to Plaintiff's home.  DAVID DUNN called Plaintiff's personal cell phone and told him he was coming over.  Plaintiff contacted Bald Knob Police.  DAVID DUNN arrived at Plaintiff's home and proceeded to urinate on his yard.  DAVID DUNN began to scream "Tyler you are a sorry Mother F-cker for calling Labor board, you're fired!  Give me my equipment!"  The Bald Knob Police were watching from down the road and allowed DAVID DUNN to get his equipment citing him for urinating in Plaintiff's yard.  DAVID DUNN was required to call someone to drive his truck home because he was intoxicated.

23.    On May 10, 2010, Plaintiff went with White County Police Officer to visit with DAVID DUNN to get something in writing that he was officially fired.  This document is attached as Exhibit "A".

24.     The motivating factor for Defendant DAVID DUNN's firing of the Plaintiff was Plaintiff's complaint for overtime described in #21 above and was in direct violation of 29 U.S.C. 215 (A)(3) and, as a result, the Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants for back wages, an additional amount as compensatory, double or liquidated damages, reasonable attorneys fees and costs, declaratory relief, emotional distress and humiliation and pain and suffering, punitive damages, and all other damages recoverable by law 29 U.S.C. 216(B), and all other relief that will effectuate the purpose of the Act, and that this Court deems just and equitable.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: May 25, 2010.

                                RESPECTFULLY SUBMITTED,

                   BY:   /s/ Andrew S. Alitowski
                     ANDREW S. ALITOWSKI
                     Law Offices of Andrew S. Alitowski
                     Attorneys for the Plaintiff
                     332 W. Broadway, Suite 613
                     Louisville, KY 40202
                     andrew@andrewkylaw.com
                     Telephone:  (502) 582-9100
                     Facsimile:   (502) 582-2864