UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 1:10-cv-00092-TBR

TYLER WOOD                                                                                      PLAINTIFF

v.

DAVID DUNN                                                                                      DEFENDANTS

and

DUNN SURVEYING, INC.

---

**DEFENDANTS' MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1391(b)**

---

Comes David Dunn, a natural person, and Dunn Surveying, Inc., a Mississippi corporation, by and through counsel, appearing solely for the express purpose of making the within Motion to Dismiss Complaint or Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1391(b). This Motion is made pursuant to Fed. R. Civ. Proc. 12(b)(3). In support of this Motion, the Defendants state as follow:

The Complaint of the Plaintiff, filed on May 24, 2010 [Doc No. 1], alleges two violations of the Fair Labor Standards Act of 1938 (the "FLSA"). Count I of the Complaint seeks damages arising out of Defendants' alleged failure to comply with FLSA requirements concerning wages and overtime pay; Count II of the Complaint seeks damages relating to the allegedly retaliatory discharge of the Plaintiff from employment, after having reported Defendants' alleged practices to the federal Department of Labor ("DOL").[1]

---

[1] Although the merits of Count I and II are not at issue upon this Motion, Defendants take complete offense at their characterization in the Complaint, and intend to defend themselves vigorously against such misstatements of the facts and circumstances surrounding Plaintiff.

It is true that Plaintiff and the Defendants have diversity of citizenship. However, the FLSA authorizes the bringing of a civil complaint for enforcement of rights arising under the FLSA, in either "a state or federal court of competent jurisdiction." Therefore, the causes of action which Plaintiff seeks to enforce in the present lawsuit are considered to be arising under the FLSA. Accordingly, the selection of the proper venue for the Plaintiff's Complaint is subject to the provisions of 28 U.S.C. § 1391(b) – the federal venue statute concerning actions in which federal jurisdiction is not based solely on diversity of citizenship.

28 U.S.C. § 1391(b) reads as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**I. Because Dunn is a resident of Mississippi, for purposes of determining venue, the Western District of Kentucky is not a proper forum for Plaintiff's Complaint.**

In setting forth his believed basis for venue in this Court, the Plaintiff's Complaint does not allege that either Defendant resides in the state of Kentucky, let alone the Western District of Kentucky. The Plaintiff identifies defendant Dunn Surveying, Inc. ("DSI") as a "foreign corporation incorporated in Mississippi." (Complaint, Par. 5). This is a true statement: DSI's

primary business location is in Richton, Mississippi, which falls within the territory encompassed by the Southern District of Mississippi. Hattiesburg Division..

The Complaint does not specifically allege in which state David Dunn is domiciled.[2] For purposes of the record on this Motion, David Dunn is a resident of Hattiesburg, Mississippi, where he makes his home, has a permanent residence established, is registered to vote, is involved in the community, owns real property, maintains bank accounts and registers automobiles owned by him, and therefore this location constitutes his legal "domicile" for purposes of determining jurisdiction/venue in a federal court. See *Combs v. T.J. Samson Community Hospital*, 2006 U.S. Dist. LEXIS 47526 (W.D.Ky. 2006) (domicile is determined by looking at a number of factors including voting registration, location of real and personal property, location of bank accounts, involvement in churches and other social organizations, driver's licenses, automobile registration, and representation of one's own address.) There is no doubt that David Dunn, for purposes of this Motion, is domiciled in the state of Mississippi, and therefore Mississippi is considered his residence for diversity purposes.[3] Accordingly, Dunn cannot be said to reside in Kentucky, thus making venue improper based upon 28 U.S.C. § 1391(b)(1).

> **II.   No "substantial part of the events or omissions giving rise to the claim occurred" within the Western District of Kentucky; therefore, venue is not proper within this Court.**

The Complaint alleges that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because:

---

[2] Summonses on both defendants were served upon them in the state of Mississippi; therefore, both Defendants are deemed to have been "found" in Mississippi. This would arguably give the Southern District of Mississippi venue over this particular action, under 28 U.S.C. § 1391(b)(3).

[3] Because Mr. Dunn does not reside in Kentucky, it is unnecessary to evaluate per 28 U.S.C. § 1391(c) whether DSI, a corporation, has sufficient "minimum contacts" to consider it a resident of Kentucky. Mr. Dunn's residence in Mississippi renders impossible any reliance on 28 U.S.C. § 1391(b)(1) to create venue in Kentucky. For the record, neither DSI nor Mr. Dunn has ever conducted business in the state of Kentucky.

3

> The events giving rise to this Complaint greatly affected the Plaintiff in Logan County, Kentucky …
>
> At all times material, part of Defendants' wrongful acts and/or omissions occurred in Corsicana, Texas, and part in Searcy, Arkansas and part of Defendant's wrongful facts and/or omissions occurred within Logan County, Kentucky.

Plaintiff's effort to get venue to lie in Kentucky clearly fails to meet the standard as set forth by the applicable federal statute. Federal common law interpreting this statute also provides no support for allowing the Complaint to remain pending in this Court, as the principles therein agree that venue is not proper here in this Court. The single event which occurred in Kentucky – the receipt of funds by a bank in Logan County, Kentucky, as Plaintiff's wages paid via direct deposit, while Plaintiff was maintaining a residence in Arkansas – is not substantial enough to create venue in this district. Although the Complaint is creatively drafted to achieve venue in this judicial district, Plaintiff stretches his personal standard for proper venue, beyond that contemplated by statute.

Count I of the Complaint alleges that DSI failed to pay Plaintiff overtime wages for his employment. According to the Complaint, the employment actually took place in both Corsicana, Texas, and Searcy, Arkansas. Moreover, Defendant Dunn would have calculated Plaintiff's pay, and issued paychecks or direct deposits, from Defendant DSI's company headquarters in Richton, Mississippi..

Count II of the Complaint alleges that Plaintiff was wrongfully terminated, after several encounters between him and Defendant Dunn, from the services of DSI. Again, any decision to terminate the employment of the Plaintiff was reached at or near DSI's temporary field office in Searcy, Arkansas. If Defendant Dunn had actually learned of any complaints made by Plaintiff to the DOL concerning allegations of FLSA violations (knowledge he denies), he would have learned of them while at DSI's temporary field office in Searcy, Arkansas.

Plaintiff's "home," mentioned in Paragraph 22 of the Complaint as the location of an allegedly hostile incident relating to his termination, was located in or near Bald Knob, Arkansas, not Kentucky. Additionally, the private residence (not belonging to Plaintiff) referred to in Paragraph 22 of the Complaint – also a location of an allegedly hostile incident relating to his termination – was located in or near Bald Knob, Arkansas. Based on this information, it appears that Plaintiff voluntarily elected to maintain a bank account in Logan County, Kentucky, even while he considered his "domicile" to be in or near Bald Knob, Arkansas, during the pendency of his employment with DSI.

The May 10, 2010, meeting between Plaintiff and Defendant Dunn, referenced in Paragraph 23 of the Complaint at which Plaintiff's employment was formally terminated, also took place in or near Searcy, Arkansas.

The only true connection to Kentucky of the "wrongful acts" identified by Plaintiff is the fact that for a short period of time toward the end of Plaintiff's employment, Plaintiff received his weekly paychecks via a direct deposit into a bank account with a bank in Logan County, Kentucky. Of course, these direct deposits were initiated by DSI from its place of business in Richton, Mississippi, and was done at the direction of the Plaintiff. It was not DSI's choice to direct such payments to a financial institution within Kentucky; Plaintiff instructed DSI to deposit his paychecks there, beginning on January 1, 2010, when DSI required that all employees receive their wages via direct deposit.

The pertinent statutory language does not allow venue to lie for acts as minute and irrelevant to the claim made as the ones identified by Plaintiff, in this district. The statute requires that a "substantial" part of the acts occur within this district. Plaintiff had the option of

choosing the financial institution in which his wages would be deposited[4]. His election to receive payment via direct deposit simply does not meet the "substantial" standard, and Defendants should not be forced to litigate the matter in an inconvenient forum based on Plaintiff's refusal to open a bank account in the location of his employment. Moreover, venue should not lie based on an event, the location of which was entirely of the Plaintiff's choosing.

Federal courts have interpreted the "substantial" inquiry as requiring that "only the events giving rise to the claim are relevant," and of the "places where events have taken place, only those locations hosting a 'substantial part' of the events will be considered." See *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). A "tangential" connection with the dispute at bar is not sufficient to lay venue. See *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994). The focus is on the relevant activities of the defendant(s), not the plaintiff. See *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Under the reasoning of *Dahm*, the Plaintiff's voluntary election to have his paychecks deposited in a bank account in Logan County, Kentucky, should not be the focal point of this Court's inquiry. At best, it is a "tangential" relationship to Kentucky – it falls far short of hosting a "substantial part of the events." Further, the single activity – the direct depositing of wages – took place in Kentucky at the Plaintiff's choosing, not either Defendants'.

With regard to FLSA actions, the consideration of proper venue should "be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications for those events for accessibility to witnesses and records." See *Ventura v. Bebo Foods, Inc.*, 595 F.Supp. 77, 84 (D.D.C. 2009) (FLSA claims arose at initial location of employment, and thus venue was proper in the district encompassing such employment). As

---

[4] Mississippi law allows an employer to require that an employee receive wages via direct deposit, but the designation of the financial institution is entirely the choice of the employee.

described above, the events having operative significance occurred entirely within the states of Texas and Arkansas – Plaintiff's actual employment with DSI, DSI's calculations of Plaintiff's pay, the decision to terminate Plaintiff's employment, with the single minor exception being Plaintiff's election to have his paychecks directly deposited in a bank account he held in Logan County, Kentucky. The common-sense implication of these events are that relevant witnesses (including the co-workers referenced by Plaintiff in the Complaint, other DSI employees, David Dunn personally, the Bald Knob (Arkansas) Police Department), and pertinent records (including DSI's records which will show Plaintiff's wages during the relevant time period, telephone records, Plaintiff's timesheets, the computerized records relating to the surveying equipment), are all located in the Eastern District of Arkansas.

The single connection to Kentucky cited by Plaintiff – that he received direct deposit paychecks into a bank account located in Logan County, Kentucky – is simply too remote to be considered a "substantial" portion of the events giving rise to his Complaint. See, generally, *Laseraim Tools, Inc. v. SDA Mfg., LLC*, 624 F.Supp.2d 1027, 1032-33 (E.D.Ark. 2008) (less than 1% of defendant's sales occurred within Arkansas, and this was not considered a "substantial" portion of the events giving rise to a patent infringement action);  *Eastman v. Initial Invst., Inc.*, 827 F.Supp. 336, 338 (E.D.Pa. 1993) (RICO defendants' occasional telephone calls directed into state of Pennsylvania could not make venue lie there as the location of a "substantial" portion of the events); *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc*., 784 F.Supp. 306, 318 (D.S.C. 1992) ("vague contentions that defendants harmed plaintiffs in South Carolina" along with occasional telephone calls and mailings was not sufficient to lay venue, where most of the operative facts giving rise to the claim occurred in Florida).

Given the operative facts of the Complaint, a "substantial" portion of the events constituting the wrongs complained of by the Plaintiff occurred in either a) the Southern District of Mississippi[5]; or b) the Eastern District of Arkansas. Both locations are a more appropriate venue for this lawsuit, than its current venue here in the Western District of Kentucky.

In sum, Plaintiff is suing the Defendants for wrongful acts outside of Kentucky, in connection with employment outside of Kentucky. Plaintiff's Complaint is a textbook example of a party's attempt to lay venue in a manner contrary to that prescribed by federal statute. This Court should not sanction such efforts, and instead should require that Plaintiff's Complaint be brought in a matter consistent with federal law – specifically, 28 U.S.C. § 1391(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

a) That the Complaint of the Plaintiff be dismissed without prejudice; alternatively, that this Court direct that the clerk of this Court transfer the Complaint to the United States District Court sitting in either the Southern District of Mississippi, or the Eastern District of Arkansas, as venue is proper within either; and

b) Such further relief as is just and appropriate under the circumstances.

---

[5] Venue would also certainly lie in the Southen District of Mississippi, per 28 U.S.C. § 1391(b)(1). Based on the fact that the Southern District of Mississippi would satisfy two prongs of the pertinent venue statute, Defendants believe this to be the best and most appropriate venue for the Complaint.

Respectfully submitted,

**FOWLER MEASLE & BELL PLLC**


*/s/ Matthew D. Ellison*
Elizabeth S. Feamster, Esq.
Matthew D. Ellison, Esq.
300 West Vine Street, Suite 600
Lexington, KY  40507-1660
Telephone: 859-252-6700
Facsimile:  859-255-3735
E-mail:  EFeamster@Fowlerlaw.com
　　　　MEllison@Fowlerlaw.com
**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served electronically in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, on this the _____ day of June, 2010 upon all parties in the electronic filing system in this case.


 */s/ Matthew D. Ellison*
**ATTORNEY FOR DEFENDANTS**


4840-9317-93982/8631.00010