UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:10-CV-00092-TBR

**TYLER WOOD**                                                                                    **PLAINTIFF**

v.

**DAVID DUNN and
DUNN SURVEYING, INC.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Complaint or Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1391(b) (DN 4). Plaintiff has filed a response (DN 7). Defendants have filed a reply (DN 8). This matter is ripe for adjudication. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff, Tyler Wood, filed this action on May 25, 2010 alleging two violations of the Fair Labor Standards Act of 1938 ("FLSA"). Count I of the Complaint seeks damages arising out of Defendants' alleged failure to comply with FLSA requirements concerning wages and overtime pay; Count II seeks damages relating to the allegedly retaliatory discharge of Plaintiff from employment after Plaintiff reported Defendants' alleged practices to the Department of Labor ("DOL").

Defendants now move the Court to dismiss the case or transfer venue pursuant to 28 U.S.C. § 1391(b).

## STANDARD

The Court has jurisdiction over this case under 28 U.S.C. § 1332 based on the parties' diversity of citizenship as well as under 28 U.S.C. § 1331 because the claims arise under the FLSA. The applicable venue statute is 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). The burden of showing that venue is proper rests with the plaintiff. *Ruther v. O'Neal*, No. 06-CV-303, 2006 WL 2795508, *2 (E.D. Ky. Sept. 26, 2006) (citing *Verbis v. Iowa Dept. of Human Servs.*, 18 F. Supp.2d 771, 774 (W.D. Mich.1998).

If a case is filed in an improper venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

## DISCUSSION

Plaintiff's Complaint states that venue is proper in the Western District of Kentucky because "the events giving rise to this Complaint greatly affected Plaintiff in Logan County, Kentucky" and "part of Defendant's wrongful acts and/or omissions occurred within Logan County, Kentucky." Compl. ¶¶ 3, 8. Defendants argue that the Western District of Kentucky is not the proper venue because both of the defendants are residents of Mississippi, both of the defendants may be found in Mississippi and a substantial part of the events or omissions giving rise to the claims occurred in Arkansas and Mississippi. Plaintiff's response does not dispute that Defendants are residents of, and can be found in, Mississippi.

In the event the Court decides not to dismiss the case, Defendants request the Court transfer

the case to the Southern District of Mississippi, or the Eastern District of Arkansas, in the alternative. In the event the Court decides to transfer, Plaintiff requests the case be transferred to the Eastern District of Arkansas.

**Count I Failure to Pay Overtime**

Plaintiff argues that venue is proper in the Western District of Kentucky because a substantial part of the events occurred in Kentucky. Plaintiff asserts he was hired in Kentucky, Defendants were aware he intended to permanently reside in Kentucky during his employment, and his W-2's were sent to Kentucky. Finally, and most importantly, Plaintiff asserts he was paid in Kentucky, i.e., he received his paycheck and later his direct deposit in Kentucky.

Defendant argues that the employment for which Plaintiff was paid took place in both Corsicana, Texas, and Searcy, Arkansas. Defendants also argue that Dunn, president and owner of DSI, would have calculated Plaintiff's pay and issued paychecks, or direct deposits, from company headquarters in Richton, Mississippi.

Essentially the question becomes whether the events giving rise to a claim for unpaid overtime occurred where the decision to make or issue the payment is made, Mississippi, or where the payment is received, Kentucky. The burden is on the plaintiff to show that venue is proper, however, Plaintiff has cited no authority to support his contention that the relevant event was his receipt of payment.

Several federal courts have explicitly held that "where claims arise from a plaintiff 'being owed compensation from . . . employment,' all of the events giving rise to the litigation occur where 'all computation and processing of payments owed to the plaintiff occurred.'" *Shay v. Sight & Sound Systems, Inc.*, 668 F. Supp.2d 80, 85 (D.D.C. 2009) (quoting *Smith v. U.S. Investigations Servs., Inc.*,

No. 04-0711(RMU), 2004 WL 2663143, at *3 (D.D.C. Nov. 18, 2004)); *see also Tahir v. Avis Budget Group, Inc.*, No. 09-3495(SRC), 2009 WL 4911941, at *3 (D. N.J. Dec. 14, 2009) (where plaintiff alleged violation of the FLSA due to employer's improper classification of employees, venue is proper in the district where corporate headquarters were located and where the decision to deny appropriate hourly compensation, including overtime pay, was made). Defendants have averred that they made all substantive decisions related to wage payments and computed and processed all wage payments in Mississippi. Therefore, venue is improper in the Western District of Kentucky, but would be proper in the Southern District of Mississippi.

### Count II Retaliation and Discharge

Plaintiff alleges in his second count that he was terminated in retaliation for reporting Defendant's failure to pay overtime to the DOL. Plaintiff does not raise any argument regarding this claim in his response. Defendants, however, argue venue is inappropriate in the Western District of Kentucky because no substantial part of the events occurred there. Defendants argue the decision to terminate the employment of Plaintiff was reached at or near DSI's temporary field office in Searcy, Arkansas. Defendants further argue that had Dunn learned of any complaints by Plaintiff to the DOL he would have learned of them while at DSI's temporary field office in Searcy, Arkansas.

Again, the burden is on the plaintiff to show that venue is proper, however, Plaintiff has made no argument that venue in this district is appropriate for this count. It appears a substantial amount of the events giving rise to Count II may have occurred in the Eastern District of Arkansas; therefore, venue is improper in the Western District of Kentucky. The Southern District of Mississippi remains a proper venue for Count II pursuant to Section 1391(b)(1) as both defendants

4

reside there.  As a result, the Southern District of Mississippi is a proper venue for both counts.

Since venue is improper in this district, it is within this Court's discretion to dismiss or transfer this case.  The Court finds it is in the interest of justice to transfer this case.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the case be transferred to the United States District Court of the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a).